## In the Matter of the Estate of JACOB H. DEYO.

*Court of Appeals, June 8, 1886.*

Affirming same case, 36 Hun, 512.

1. *Decree on final accounting.   Laches in moving to vacate.*—It is within the discretion of the surrogate to refuse to vacate a decree on final accounting entered nine years prior to the application, upon the ground of laches on the part of the petitioner in prosecuting his remedy.

2. *Same.  Conflicting evidence.*—The fact that the existence of the alleged mistake and error in the original accounting was determined by the surrogate against the petitioner upon conflicting evidence, is conclusive in the court of appeals against the appellant.

Appeal from an order of the supreme court at general term, affirming an order of a surrogate, denying a motion to set aside a decree upon final accounting of executors, and for a new accounting, on the ground of mistake.

*A. T. Clearwater*, for Jonathan Deyo, one of the executors, appellant.

*Lewis H. Hasbrouck*, for John Titus, Jr., one of the executors, and Jacob H. Deyo, a legatee, respondent.

RUGER, Ch. J.—Several conclusive reasons exist why the order of the court below should be affirmed; and it would be sufficient to mention but one of them were it not for the conviction entertained by us that the controversy arises out of an honest misunderstanding on the part of the parties, and the hope that a few words of explanation may reconcile a difference which would never have occurred but

for the inexperience of the parties in the method of keeping their accounts.

The parties were executors of the will of Jacob H. Deyo, who died in 1871, possessed of property to the amount of about $13,000. This property was converted into money, and the assets were nearly equally divided between the two executors. In 1874, an accounting was had before the surrogate between them, and it was adjudged that about $7,500 had come to the possession of the petitioner, and about $5,500 to the hands of the respondent.

An inventory of the property of the estate was produced, and the items of receipts and disbursements by each of the executors were stated in detail, and the decree of the surrogate was made, passing the accounts as stated. Nine years thereafter one of the legatees, becoming of age, cited the executors to account before the surrogate; and upon the disclosures made upon that accounting the petitioner conceived the idea that he had been wronged in the settlement of the account previously made by the surrogate, and filed this petition to vacate and set aside the decree then made, upon the sole ground that he had not been credited in his account for the sum of $3,635, alleged to have been paid by him to his co-excutor from the proceeds of certain government bonds belonging to the estate.

The inventory shows that the estate possessed $4,500 of such bonds, and the proof shows that these bonds were sold at an advance of about twelve per cent. and netted $5,040. Some uncertainty exists as to the place of custody of these funds prior to the accounting in question, and as to the method by which they came to the possession of the respective executors, but the accounts presented to the surrogate conclusively show that eventually the respondent received $3,675 of them, and the petitioner only $1,365, and that they each fully accounted for the respective sum received by them. It is entirely immaterial whether the respondent received $3,675 directly from his co-executor, or through a

joint check drawn and signed by the two, or by the check of any other temporary custodian of the fund. He did in his accounts acknowledge the receipt of the money, and was charged with it, and has fully accounted for it.

The petitioner received $1,365 of such moneys only, and that amount only has been charged to him. There is no dispute but that he received such amount, nor but that such sum is the entire amount which has been charged to him. From these circumstances it is entirely clear that he ought not to be credited in his accounts with any part of the sum of $3,675. The idea seems to have been for some time mutually, and probably honestly, entertained, by each of the respective parties hereto, that he did not have all the moneys to which he was justly entitled; but we think this notion grew out of their unfamiliarity with the method of keeping accounts, and the misleading weight which they gave to circumstances which were in fact unimportant. The petitioner believed that some, if not all, of the sum of $3,675 was paid to his co-executor by his check, or, through his agency, and that, therefore, he was entitled to credit therefor; but this, of course, was not so unless he can show that a similar sum was somewhere charged to him in the accounts, and we have seen that this has not been done. The accounting in 1874 was had at a time when the transactions were comparatively fresh in the recollection of the parties, to which they mainly trusted; and we have every reason to believe, after a careful examination of the subsequent evidence, and of the inventory and account presented at that time, that the adjudication then made was substantially correct. It would therefore seem, upon the merits of the controversy, that the prayer of the petitioner was properly denied.

It was also quite within the discretion of the court below to refuse the relief prayed for upon the ground of laches on the part of the petitioner in prosecuting his remedy, and their determination of that question would require the dis-

missal of the appeal or the affirmance of their order by us.

Of course the fact that the existence of the alleged mistake and error in the original accounting was determined against the petitioner upon conflicting evidence, would also be quite conclusive against the appellant here.

The order should therefore be affirmed, with costs.

All concur.